Intellectual Property Law Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, California 90265-3042
(310) 317-4466

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PARTNERS FOR HEALTH AND HOME, L.P., a California Limited Partnership<br><br>Plaintiff,<br><br>v.<br><br>SEUNG WEE YANG individually and doing business as PEARL LIFE COOKWARE, Inc. and PLC USA, Inc.;<br><br>SOO JUNG KIM individually and doing business as PLC USA, Inc.<br><br>S T P America, Inc., a California corporation;<br><br>Dong Yang Science, Inc., a California corporation; and<br><br>DOES 1-10, inclusive<br><br>Defendants. | Case No.: CV09-07849 RZ<br>         consolidated with<br>Case No.: CV10-04073 RZ<br><br>**[PROPOSED]** JUDGMENT AND PERMANENT INJUNCTION |

Pursuant to: the Court's previous Findings of Fact and Conclusions of Law [113] finding individual defendant Seung Wee Yang liable; the Court's finding [138] that an award of $564,876 plus attorney fees is appropriate in this case; and the Court's ruling on Plaintiff's Motion for Entry of ~~Summary~~ Default Judgment against the corporate defendants S T P America, Inc. and Dong Yang Science, Inc.;

IT IS HEREBY ~~ADJUDICATED~~ ORDERED AND ADJUDGED THAT:

### I.     MONETARY JUDGMENT

Plaintiff shall have judgment in the amount of $564,876, plus attorney fees and costs. The

1

1  award is joint and several against the following defendants: Seung Wee ("Edward") Yang; S T P
2  America, Inc.; and Dong Yang Science, Inc.
3      Pursuant to 11 U.S.C. §523(a)(6) and 11 U.S.C. §727(a)(2) and (4), the award is non-
4  dischargeable in bankruptcy and was not discharged by Yang's bankruptcy case in 2009.

## II. PERMANENT INJUNCTION AND ORDER

The Court enters a permanent injunction and order as follows:

1. Defendants Seung Wee ("Edward") Yang; S T P America, Inc.; Dong Yang Science, Inc.; and each of its officers, directors, employees, agents, servants, and all others in active concert or participation with them, are hereby permanently enjoined from directly or indirectly:

   a. using Plaintiff's PERMA-LIFE mark (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, or used alone or in combination with any other words) in metatags, in keyword or other pay-per-click advertising, or in any sponsored search engine advertising;

   b. using Plaintiff's PERMA-LIFE mark (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, used alone or in combination with any other words) as a visible video tag on internet advertising, including but not limited to YouTube, Tag Story, and Daum;

   c. using Plaintiff's PERMA-LIFE mark (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, used alone or in combination with any other words) as part of any keyword or other search string in internet search engine advertising;

   d. using Plaintiff's PERMA-LIFE mark (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, used alone or in combination with any other words) as part of any advertising or other promotional material that states or implies a past or present business relationship between Defendants and PERMA-LIFE cookware, or that states or implies that PERMA-LIFE cookware is no longer being sold;

Intellectual Property Law Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, California 90265-3042
(310) 317-4466

1  e. Using the name "Pearl Life" (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, used alone or in combination with any other words) as a brand name for any cookware, on any product, on any packaging, on any brochures or product literature, on any Internet website, within any advertising or other promotional material, as any part of a company name, or otherwise in connection with any cookware;

f. Stating or implying to anybody that Defendants are currently related in any way to Plaintiff or to PERMA-LIFE cookware; and

g. Using the name PERMA-LIFE (with or without spaces, however spelled, whether capitalized, abbreviated, singular or plural, with or without a hyphen, used alone or in combination with any other words) as part of any brand name for any product anywhere in the world;

h. Otherwise infringing Plaintiff's PERMA-LIFE trademark;

i. Proceeding with Korean trademark application no. 40-2009- 0035888 for the mark "Perma Life."

2. Within thirty (30) days of this order, Defendants shall remove from the Internet all material that they posted or caused to be posted thereon, the posting of which would constitute a violation of this Order.

3. Within thirty (30) days of this order, Defendants shall cooperate fully with Plaintiff to transfer to Plaintiff the domains www.permalife.co.kr and www.perma-life.kr.

This Court retains jurisdiction to enforce any alleged violations of this injunction.

//

//

//

3

*Partners for Health and Home, L.P. v. Seung Wee Yang*
**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION**

**ATTORNEY FEES AND COSTS**

Plaintiff may file a fee application with this Court and may file an application to tax costs in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 21, 2012

~~Judge, United States District Court~~
United States Magistrate Judge

Presented by:

  /s/   Joel D. Voelzke
Joel D. Voelzke
Intellectual Property Law Offices of Joel Voelzke, A P.C.
24772 W. Saddle Peak Road
Malibu, CA  90265
Tel: (310) 317-4466
Fax: (310) 317-4499

Attorneys for Plaintiff Partners for Health and Home, L.P.